Filed 3/6/13  Almeida v. Antelope Valley Union High School Dist. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| YOLANDA ALMEIDA,<br><br>    Plaintiff and Appellant,<br><br>  v.<br><br>ANTELOPE VALLEY UNION HIGH SCHOOL DISTRICT et al.,<br><br>    Defendants and Respondents. | B240712<br><br>(Los Angeles County<br>Super. Ct. No. BS133582) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Ann Jones, Judge.  Affirmed.

Law Office of Diane Goldman and Diane Goldman for Plaintiff and Appellant.

Sylvester, Oppenheim & Linde and Alan Varner for Defendants and Respondents.

Yolanda Almeida (Almeida) appeals from the trial court's denial of her petition for writ of mandate. Through the writ petition, Almeida sought to set aside a decision of the Board of Trustees of the Antelope Valley Union High School District (District) demoting Almeida and an order directing the District to reinstate her to her previous position with back pay and damages. We find that the District proceeded in a manner consistent with the law and therefore affirm the trial court's judgment.

## CONTENTION

Almeida's sole contention on appeal is that the District failed to proceed in a manner required by law because it did not restrict its review of the hearing officer's findings, conclusions and recommendation to the grounds enumerated in Code of Civil Procedure section 1286.2, as set forth in Education Code section 45113, subdivision (e).

## FACTUAL BACKGROUND

Almeida was employed by the District in the position of community attendance worker. In that position, she worked with students, parents, and school district employees in cases where students were truant or had other attendance issues. Almeida also worked with security personnel at her assigned school, Lancaster High School. This included personnel employed by the Los Angeles County Sheriff's Department. One such individual, Deputy Canela, was assigned to Lancaster High School and worked in the same office with Almeida.

On October 6, 2010, Deputy Canela was observed by his sergeant off-campus at lunch in a car with three female Lancaster High School students. Deputy Canela had taken the three girls to a Jack-in-the-Box restaurant. Later that day, Deputy Canela told his sergeant that Almeida was one of the females in the car, though Almeida was not in the car. Instead she was off campus at a student attendance review board (SARB) meeting.

On October 7, 2010, Deputy Canela asked Almeida to "cover" for him by confirming that she was in the patrol car with him and the three female students. Almeida responded, "ok." Thereafter, Deputy Canela called Almeida and told her that the District was getting involved in the Jack-in-the-Box incident, and again asked that she

2

lie and tell them she was in the car with him and the three female students. At that point, Almeida became concerned that Deputy Canela may also have contacted the female students to persuade them to lie as well.

After that conversation with Deputy Canela, Almeida left her office and contacted one of the female students (A.D.) who had gone with Deputy Canela, in her English class. Almeida asked A.D. what happened with Deputy Canela and told A.D. that Deputy Canela had asked Almeida to report that Almeida was in the car. While there was some difference between the accounts of what was said during the conversation between A.D. and Almeida, the administrative hearing officer found that "the conversation was very brief and that [Almeida] told A.D. to tell the truth."

Prior to talking with Almeida., A.D. had received a call on her cell phone from Deputy Canela, who told A.D. that he had lied to his sergeant and stated that Almeida was in the car with them. Deputy Canela told A.D. that she might be questioned later in the day, and if so, that A.D. should say that Almeida was in the car with them. Approximately five minutes later A.D. was called in for an interview with Lancaster High School's Human Resource Director, Jan Medema (Medema). During the interview, A.D. informed Medema that Almeida was in the car with them on the trip to the Jack-in-the-Box. However, after talking with Almeida, A.D. went back to Medema and told her the truth -- that Almeida was not in the patrol car when they went to lunch.

Student B.L. was also interviewed. B.L. acknowledged that while she was in Deputy Canela's patrol car on the day in question, Almeida was not in the patrol car. One of the interviewers asked B.L. if she had spoken to anyone prior to the interview. B.L. responded that she had spoken to Almeida. Almeida had stopped B.L. in the hallway, and asked B.L. if she had a hall pass. After seeing the hall pass, Almeida told B.L. that if she was called for an interview about the lunch incident with Deputy Canela, she should tell the truth.

Almeida was also interviewed about the incident. Almeida denied that she was in the patrol car, and informed the interview panel that she was off campus conducting a hearing during lunch on October 6, 2010. Almeida was also asked if she was friends with

3

any of the female students. Almeida denied any personal friendships. At the conclusion of the interview, Almeida was told that she was being placed on administrative leave pending the outcome of the investigation. Medema also informed Almeida that she was concerned that it appeared Almeida had attempted to interfere with the investigation in that she had spoken to both A.D. and B.L.

The day after appellant's interview, Medema verified Almeida's statement that she was off campus during the lunch hour on October 6, 2010. Medema then concluded that Almeida was not in Deputy Canela's car during the lunch hour on that date.

Almeida was interviewed again at a later date. The individuals involved in the interview were Medema, Sheriff's Department Lieutenants Thomas and Downton. They informed Almeida that they were interested in Deputy Canela's involvement with other students. Almeida responded that she did not know anything about Deputy Canela's involvement with other students, other than the one incident at the Jack-in-the-Box. Medema indicated that she did not believe Almeida because Almeida had contacted A.D. and B.L. to tell them what to say. Medema also indicated that another teacher had reported that certain students knew Almeida well, that they brought food for Almeida, left notes for her and called her by her first name. Medema did not believe Almeida's statements that she did not have an unprofessional friendship with these students.

## PROCEDURAL HISTORY

The discipline of Almeida began on December 17, 2010, when the District sent her a notice that it intended to terminate her from the community attendance worker position. Almeida contested the termination in a *Skelly* hearing (*Skelly v. State Personnel Board* (1975) 15 Cal.3d 194 (*Skelly*).) Almeida attended the *Skelly* hearing with a union representative. Following the January 10, 2011 *Skelly* hearing, the District sent Almeida a notice that she would be terminated from her employment with the District effective January 19, 2011. Almeida filed a timely request for a post-*Skelly* hearing before the

4

District's Board of Trustees regarding her termination. Pursuant to article 22.5 of the relevant collective bargaining agreement, Almeida was entitled to such a hearing.[1]

On February 4, 2011, the District notified Almeida that it is the practice of the District "to conduct such hearings with an impartial hearing officer." As Almeida conceded in her petition for writ of administrative mandamus, although Almeida was entitled to a hearing, the District retained the authority to "accept, modify or reject" the hearing officer's recommendations and to impose a measure of discipline different from what the hearing officer advised.

On February 10, 2011, the District modified its previous decision to terminate, and instead indicated its intention to demote Almeida to a position of bilingual instructional aide. According to Medema, this recommendation was based on the fact that the bilingual aide position requires less trust and is more closely supervised than the position of community attendance worker. At the hearing that followed, Almeida claimed that she never received notice of the revised charges and was never informed that the termination had been reduced to a demotion.

The hearing was held on February 17, 2011 before duly appointed hearing officer, Louis M. Zigman. At the commencement of the hearing, Hearing Officer Zigman confirmed: "And my function as the hearing officer is to make a recommendation, I guess, findings of fact and a recommendation to the Board of Education. Correct?" Almeida's counsel responded, "That's my understanding."

After conducting the hearing and reviewing written arguments from the parties, Hearing Officer Zigman issued a detailed written report wherein he concluded that the District did not have just cause for the imposition of any disciplinary action. The hearing officer's recommendation was that Almeida be reinstated to her former position as a community attendance worker and that she be reimbursed all lost wages and benefits that she lost as a result of the disciplinary action.

---

[1]     Almeida declined to request a post-*Skelly* arbitration, to which she was entitled under article 22.6 of the relevant collective bargaining agreement.

The District met on June 15, 2011 to review the hearing officer's recommendations. The District chose to reject the recommendations and imposed the revised discipline of demotion.

On August 31, 2011, Almeida filed her petition for writ of administrative mandamus pursuant to Code of Civil Procedure section 1094.5  Almeida argued that under Education Code section 45113, subdivision (e), the District's authority to accept or reject the hearing officer's decision was limited to the grounds enumerated in Code of Civil Procedure section 1286.2, subdivision (a).[2]  The trial court rejected this argument, stating:

> "As acknowledged by [Almeida], the District has the discretion to reject the hearing officer's determinations and recommendations and to impose a measure of discipline different than the Hearing Officer advised. [Citation.] [Almeida's] legal arguments to the contrary rest on statutory provisions that pertain to arbitrations, not hearings.  See Opening Brief at 9 (citing Educ. Code § 45113(e); [Code Civ. Proc. §] 1286.2 (grounds for vacating arbitration awards.)  See, e.g., California School Employees Association v. Bonita Unified School District, 163 Cal.App.4th 387, 403 (2008)."

The trial court also found that the weight of the evidence supported the District's findings and conclusions. For these reasons, Almeida's petition for writ of mandamus was denied.

The trial court's judgment was filed on March 20, 2012.  On April 19, 2012, Almeida filed her notice of appeal.

DISCUSSION

**I. Standard of review**

Code of Civil Procedure section 1094.5 "structures the procedure for judicial review of adjudicatory decisions rendered by administrative agencies."  (*Topanga Assn.*

---

[2]   Code of Civil Procedure section 1286.2, subdivision (a), is found in title 9 of part 3 of the Code of Civil Procedure, captioned "Arbitration."  The specific provision is found under chapter 4 of title 9, "Enforcement of the Award."  Thus it is clear from the statutory scheme as a whole that the provision applies only to arbitration awards.  It discusses the limited grounds for vacation of an arbitration award.

6

*for a Scenic Community v. County of Los Angeles* (1974) 11 Cal.3d 506, 514.) In a proceeding inquiring into the validity of a final administrative order, a trial court's review is limited to the question of whether the administrative agency proceeded without, or in excess of jurisdiction; whether there was a fair trial; and whether there was a prejudicial abuse of discretion. A prejudicial abuse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence. (Code Civ. Proc., § 1094.5, subd. (b).)

Almeida does not contend that the evidence did not support the trial court's decision. Her sole contention on appeal is that the District acted in excess of its authority by declining to limit its review of the hearing officer's findings to the factors set forth in Code of Civil Procedure section 1286.2, as set forth in Education Code section 45113, subdivision (e). Thus, our review is limited to a determination as to whether the District proceeded in a manner consistent with the law. Because this task involves the interpretation of a statute, we independently review the trial court's decision. (*California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 698-699).

## II. Education Code section 45113

The resolution of this appeal begins with an analysis of Education Code section 45113 (section 45113) which provides, in pertinent part:

> "(a) The governing board of a school district shall prescribe written rules and regulations, governing the personnel management of the classified service . . . .

> "(b) Any employee designated as a permanent employee shall be subject to disciplinary action only for cause as prescribed by rule or regulation of the governing board, but the governing board's determination of the sufficiency of the cause for disciplinary action shall be conclusive.

> "(c) The governing board shall adopt rules of procedure for disciplinary proceedings which shall contain a provision for informing the employee by written notice of the specific charges against him or her, a statement of the employee's right to a hearing on those charges, and the time within which the hearing may be requested . . . and a card or paper, the

7

signing and filing of which shall constitute a demand for hearing, and a denial of all charges. . . . .

"[¶] . . . [¶]

"(e) Nothing in this section shall be construed to prohibit the governing board, pursuant to the terms of an agreement with an employee organization under Chapter 10.7 (commencing with Section 3540) of Division 4 of Title 1 of the Government Code, from delegating its authority to determine whether sufficient cause exists for disciplinary action against classified employees, excluding peace officers as defined in Section 830.32 of the Penal Code, to an impartial third party hearing officer. However, the governing board shall retain authority to review the determination under the standards set forth in Section 1286.2 of the Code of Civil Procedure."

In *California School Employees Assn. v. Bonita School Dist.* (2008) 163 Cal.App.4th 387 (*Bonita*), the Court of Appeal analyzed section 45113. After reviewing legislative history surrounding the passing of section 45113, subdivision (e) in 2001, the court stated:

"As we read subdivisions (b) and (e), respectively, of . . . section 45113, they authorize two distinct methods of challenging disciplinary action, the former under the auspices and regulations of the board, the latter by an arbitrator under the rules of the [American Arbitration Association] and the provisions of the [collective bargaining agreement]."

(*Bonita, supra*, at p. 403.)

We agree with the analysis in *Bonita.* As set forth in subdivisions (b) and (c), the employee is entitled to a hearing when disciplinary action is instituted against him or her. This type of hearing is governed by the regulations promulgated by the District. (§ 45113, subd. (c).) The District may appoint an impartial hearing officer to conduct the hearing and make recommendations. However, as Almeida has acknowledged, the District retains the authority to reject the hearing officer's recommendations and to impose a measure of disciple different from what the hearing officer advised. Under the procedures described in section 45113, subdivisions (b) and (c), the District's

8

"determination of the sufficiency of the cause for disciplinary action shall be conclusive." (§ 45113, subd. (b).)

Section 45113, subdivision (e), as enacted in 2001, "permits classified employees to submit certain disciplinary disputes to arbitration pursuant to the terms of a collective bargaining agreement. (See Stats. 2001, ch. 844, § 3; Stats. 2001, ch. 839, § 1; Amends., Deering's Ann. Ed. Code (2008 supp.) foll. § 45113, p. 296.)" (*Bonita, supra*, 163 Cal.App.4th at p. 401.) Where the employee chooses to proceed under a post-*Skelly* arbitration, the District delegates its authority to determine whether sufficient cause exists for the discipline. (§ 45113, subd. (e).) When the District reviews an arbitration award, its review is thus limited to a determination of whether the arbitrator's determination complied with the Arbitration Act. (Code Civ. Proc., § 1286.2.)

**III.  Section 45113, subdivision (e) is inapplicable to this proceeding**

Almeida argues that the District was prohibited from rejecting the hearing officer's findings and recommendations by the standards set forth in Code of Civil Procedure section 1286.2. Almeida's position is based on a misapplication of section 45113, subdivision (e).

As set forth above, section 45113, subdivision (e) is only applicable where an employee chooses to submit an employment dispute to arbitration. (*Bonita, supra*, 163 Cal.App.4th at p. 401.) The subdivision provides that where a post-disciplinary arbitration hearing has been held, the District's review of the arbitrator's decision is limited to those factors set forth in section 1286.2 of the Code of Civil Procedure. (§ 45113, subd. (e).)

Here, as Almeida admits, she did not request a post-*Skelly* arbitration. Instead, she filed a timely request for a post-*Skelly* hearing before the District's Board of Trustees regarding her termination. Because Almeida did not request an arbitration, section 45113, subdivision (e) and Code of Civil Procedure section 1286.2 are inapplicable. Instead, the provisions of section 45113, subdivisions (b) and (c) are controlling. Neither of those subdivisions limits the District's review to the provisions of Code of Civil Procedure section 1286.2. Instead, section 45113, subdivisions (b) and (c) make it clear

9

that the District's "determination of the sufficiency of the cause for disciplinary action shall be conclusive." (§ 45113, subd. (b).)

Almeida argues that the provisions of section 45113, subdivision (e) are applicable even when the employee has requested a post-*Skelly* hearing, instead of an arbitration. She argues that section 45113, subdivision (e) is not expressly limited to arbitrations. However, to the extent that there is any ambiguity in the plain language of section 45113, subdivision (e), the legislative history of the statute provides clarification. When subdivision (e) of section 45113 was introduced as Assembly Bill No. 128 in 2001, it was described as a bill which "specifies that nothing prohibits school district and community colleges . . . to submit employee disciplinary cases to third party arbitration, except for peace officers." (Sen. Rules Com., Off. Of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 128 (2000-2001 Reg. Sess.) as amended Sept. 13, 2001.) The citation to Code of Civil Procedure section 1286.2, provides further support for a conclusion that the Legislature intended the subdivision's applicability to be limited to situations where arbitration has been selected as the procedure for a determination of the propriety of proposed employee discipline.

In *Bonita*, the Court of Appeal also analyzed the legislative history of section 45113, subdivision (e), and rationally concluded that this subdivision is only relevant to a situation where the employee elects to proceed with a post-*Skelly* arbitration. (*Bonita, supra*, 163 Cal.App.4th at p. 401.) Almeida attempts to distinguish *Bonita*. She argues that the court in *Bonita* took pains to mention that the collective bargaining agreement between the school district and the employee union also provided that any award made by an arbitrator would be final and binding, and that this provision was approved by the school district.

The terms of the applicable collective bargaining agreement in *Bonita* have no relevance to our interpretation of the meaning of section 45113. Regardless of the terms of any collective bargaining agreement, section 45113, subdivision (e) can only be interpreted to mean that "[i]n reviewing an arbitration award, the board is required to apply the same standards as the courts. [Citations.]" (*Bonita, supra*, 163 Cal.App.4th at

10

p. 406.)  Almeida has offered no cogent legal argument to support her position that this subdivision should be expansively applied to situations where the employee has not requested an arbitration.  As set forth above, the language and the legislative history of section 45113 do not support her position.

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ

We concur:


_____, P. J.
BOREN


_____, J.
ASHMANN-GERST

11